Barker, J.
The motion was properly denied. Without action instituted for that purpose, the receiver was in no position to question the validity of the transfer of the fund in the hands of the county treasurer by Thompson W. Crittenden to Charles D. Castle, as trustee. The court could not acquire jurisdiction over the subject matter, nor of the parties by a motion of this character.
The court, in awarding costs, had the power to-determine whether they should be paid out of the funds in the hands of the receiver or by him personally. The facts upon which that question might be determined were sufficiently disclosed, as the proceedings were initiated and determined upon the papers now before the court. There is no rule of practice which requires the successful party in a proceeding of this nature to make an affirmative motion to determine whether or not the receiver or trustee should be personally charged with the costs. In some instances such a motion is necessary for the purpose of bringing to the attention of the court the facts and circumstances upon which the question is to be determined. Plainly, this is not such a case. It would seem to be absurd to drive the defendant to such a motion. It is the customary practice to determine upon the hearing- and upon the facts there disclosed whether a receiver or other trustee should be personally charged with motion costs.
We are not disposed, after a careful perusal of all the affidavits, to interfere with the direction of the special term, charging the costs on the receiver personally. We think there is room for saying that in making the motion he was guilty of mismanagement of a matter over which he had charge as trustee, so as to bring the case within the provisions of section 3246 of the Code of Civil Procedure. The purpose of the motion was to review and set aside a previous order of the court and to restrain a public officer. This necessarily involved an inquiry into the title of the fund and the validity of the transfer. The questions of fact and of law involved in that inquiry were serious and important, and the receiver must have been advised that his motion would be strenuously opposed by the trustee and the beneficiary.
The receiver instituted these proceedings without asking permission of the court after a rule or order relating to the same subject matter had been made by the court. Nor was there any attempt on his part to comply with the other requirements of the standing rule on the subject. Rule 79.
*365 The provisions of that rule were intended for the protection of the receiver as well as of adverse litigants. The action of the receiver, as it seems to us, was ill-advised and inconsiderate; we cannot resist the conclusion that the receiver had confided the management of this matter to the judgment of the pursuing creditor and neglected to give the matter that personal consideration and attention which the duties of his office required.
The motion papers were directed to the county treasurer. The order denying the motion recites that he appeared by counsel on the nearing, and thus a case was made for allowing him costs, as well as separate, costs to the trustee. We conclude not to give costs to the respondents on this appeal. Order affirmed.
Smith, P. J., Haight and Bradley, J.J., concur.